■ ISRAEL HOROWITZ et al., Respondents, v NORTH SHORE UNIVERSITY HOSPITAL et al., Defendants, and "HARRY" HASSAN, Appellant. — In a medical malpractice action, defendant Hassan appeals from an order of the Supreme Court, Nassau County (Becker, J.), dated July 6, 1983, which, after a hearing, granted that branch of plaintiffs' cross motion which was to strike the third affirmative defense of the Statute of Limitations as against him. ¶ Order reversed, on the law, without costs or disbursements, and matter remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith. ¶ In this medical malpractice action the date of service of the summons and complaint on Dr. "Harry" Hassan was disputed, with plaintiffs alleging service on April 8, 1982, and Hassan claiming that service was not made until May 13, 1982. At the traverse hearing, plaintiffs adduced the testimony of a process server and Hassan testified in his own behalf. The court credited the testimony of the process server and determined that the date of service was April 8, 1982. However, the court erred in striking Hassan's affirmative defense because of other unresolved factual questions relating to the Statute of Limitations defense. One issue relates to the applicability of the continuous treatment doctrine to Israel Horowitz' two hospital visits, one occurring from September 26 through September 30, 1979 and the other from October 31, 1979 to November 5, 1979. If, as Hassan contends, he did not treat Israel Horowitz during the second hospitalization, the statute expired on March 30, 1982 (CPLR 214-a), and the service on April 8, 1982 was untimely. Since the hearing was confined to the issue of the date of service, plaintiffs should be allowed an opportunity to litigate the issue of continuous treatment. The second issue relates to plaintiffs' claim that process was delivered to the Sheriff of Nassau County on March 19, 1982, thereby tolling the statute for 60 days (see CPLR 203, subd [b], par 5). Beyond conclusory allegations by

plaintiffs' counsel, there was no evidentiary support presented in the record for this claim, and the issue still must be resolved. Accordingly, there should be a reversal and the matter should be remitted to the Supreme Court, Nassau County, for further proceedings. Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.